UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LISETT VEGA,                                           :

                        Plaintiff,                     :       08 Civ. 1525 (LAP) (GWG)

        -v.-                                           :       REPORT AND
                                                               RECOMMENDATION
MICHAEL J. ASTRUE,                                     :
Commissioner of Social Security,
                                                       :
                        Defendant.
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Lisett Vega brings this action pursuant to 42 U.S.C. § 405(g) for review of the

final decision of the Commissioner of Social Security denying her claim for disability benefits.

The Commissioner has moved for judgment on the pleadings and dismissal pursuant to Fed. R.

Civ. P. 12(c).  For the reasons stated below, the Commissioner's motion should be denied, and

this case should be remanded for further proceedings.

I.      <u>BACKGROUND</u>

        Vega filed an application for disability benefits on December 8, 2005.[1]  <u>See</u>

Administrative Record ("R.") (annexed to Answer, filed July 7, 2008 (Docket # 6)), at 216.  Her

application was denied on January 20, 2006.  R. 212-15.  She requested a hearing before an

Administrative Law Judge ("ALJ"), R. 210, which was held on October 10, 2007, R. 260-85.

        At the hearing, Vega testified that she had been diagnosed with agoraphobia.  R. 277.

She submitted evidence of this condition to the ALJ, <u>see</u> R. 263-64, including a letter from

_____

        [1] Although Vega applied for both Social Security disability benefits and Supplemental
Security Income, her complaint indicates that she is appealing only the denial of disability
benefits.  <u>See</u> Complaint, filed Feb. 14, 2008 (Docket # 2), at 1.

Megan Wilen, a social worker, stating that Vega had been diagnosed with "Panic Disorder with Agorophobia [sic]." R. 256. The letter indicated that Vega was being treated by Ms. Wilen and a psychiatrist, Dr. Myreille Polycarpe, at the Sound View Throgs Neck Community Mental Health Center. Id. Ms. Wilen indicated that Vega had been in treatment for her panic disorder since April 19, 2007, and that Vega had been prescribed Zoloft. Id.

The ALJ inquired about the duration of Vega's panic disorder, and Vega testified that, although she had only been in treatment for the panic disorder for one year, she had been experiencing the problem for six or seven years. R. 277-78. She specifically noted that she had the panic disorder prior to December 2001, although she had not sought help at that time because she "thought that was only for crazy people." Id. The ALJ did not inquire about the symptoms of the panic disorder, or about the impact of the panic disorder on Vega's daily life. See R. 260-85. It does not appear that any effort was made to obtain further information regarding the panic disorder, including any medical records.

On October 15, 2007, the ALJ issued a decision denying Vega disability benefits. See R. 187-94. The ALJ limited his analysis to the period between August 1, 2001, the date on which Vega claims she became disabled, and December 31, 2001, the date on which her disability insured status expired. R. 190-91.

The ALJ first determined that Vega did not engage in substantial gainful activity during the period in question. R. 191. He then determined that the "combined impact" of her "arthralgia of her spine, a heel spur in her right foot, asthma and obesity . . . imposed significant vocationally relevant limitations," and that her medical impairments were therefore "severe," but that they did not meet or equal any of the impairments listed in the regulations. R. 191.

2

The ALJ concluded that Vega was not disabled between August and December 2001 because her medical conditions "did not prevent her from being able to resume her past relevant work as a cashier." R. 191.  In determining Vega's residual functional capacity, the ALJ noted that he had "taken into account the clinical record as a whole," paying particular attention to evidence dated during the relevant time period.  R. 192.  The decision did not advert to the possibility that Vega had any mental impairment during the relevant period.

On October 23, 2007, Vega appealed to the Appeals Council.  R. 257-59.  On January 8, 2008, the Appeals Council denied her request for review.  R. 182-85.  Vega then filed the instant action and the Commissioner moved for judgment on the pleadings.[2]  After reviewing the record, this Court issued an Order requiring the Commissioner to submit further briefing regarding the ALJ's treatment of Vega's alleged mental impairment.  See Order, filed Jan. 27, 2009 (Docket # 12).  The Commissioner submitted a memorandum as directed.  See Supplemental Memorandum of Law in Response to the Court's January 23, 2009 Order, dated Feb. 6, 2009 ("Def. Supp. Mem.").  Vega submitted a new letter from her social worker as well as an updated list of her medications.

II.     DISCUSSION

The Commissioner argues that there is substantial evidence supporting the ALJ's decision that, prior to the expiration of her insured status on December 31, 2001, Vega was not disabled.  See Def. Mem. at 10-19.  Vega opposes the Commissioner's motion on the basis that

---

[2]  See Notice of Motion, filed Aug. 7, 2008 (Docket # 7); Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings, filed Aug. 7, 2008 (Docket # 8) ("Def. Mem."); see Affidavit in Opposition, filed Sept. 12, 2008 (Docket #11) ("Pl. Aff.").

her application "was not fully reviewed" in that (1) the Commissioner's memorandum of law states that she does not take any narcotic medication, when in fact she does, Pl. Aff. at 1; (2) her "mental issues are not specified on the transcript record," id.; and (3) "some of [her] physical impairments are not listed on the transcript of the entire record," including Sjogren's syndrome, high blood pressure, dermatitis psoriasis, varicose veins, and migraines, id. at 2.

A.      Scope of Judicial Review Under 42 U.S.C. § 405(g)

A court reviewing a final decision by the Commissioner must determine whether the Commissioner has applied the correct legal standard and whether the decision is supported by substantial evidence.  See, e.g., Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008); Acierno v. Barnhart, 475 F.3d 77, 80-81 (2d Cir.) (citing Pollard v. Halter, 377 F.3d 183, 188 (2d Cir. 2004)), cert. denied, 127 S. Ct. 2981 (2007); Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999); see generally 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  "Substantial evidence" is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)); accord Burgess, 537 F.3d at 127-28; Matthews v. Leavitt, 452 F.3d 145, 152 n.9 (2d Cir. 2006); Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

If the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists.  See, e.g., Johnson v. Astrue, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008) (citing Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial

evidence to support either position, the determination is one to be made by the factfinder.")).
"The role of the reviewing court is therefore 'quite limited and substantial deference is to be
afforded the Commissioner's decision.'" Hernandez v. Barnhart, 2007 WL 2710388, at *7
(S.D.N.Y. Sept. 18, 2007) (quoting Burris v. Chater, 1996 WL 148345, at *3 (S.D.N.Y. Apr. 2,
1996)).  The reviewing court may not substitute its judgment for that of the Commissioner;
further, it may reverse the administrative determination "only when it does not rest on adequate
findings sustained by evidence having 'rational probative force.'" Williams ex rel. Williams v.
Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Consol. Edison Co., 305 U.S. at 230).

Notwithstanding this deferential standard, it is well settled that the ALJ has an
affirmative duty to develop the record in a disability benefits case and that remand is appropriate
where this duty is not discharged.  See, e.g., Shaw, 221 F.3d at 131; Rosa v. Callahan, 168 F.3d
72, 79, 82-83 (2d Cir. 1999).  The non-adversarial nature of a Social Security hearing requires
the ALJ "to investigate the facts and develop the argument both for and against granting
benefits." Sims v. Apfel, 530 U.S. 103, 111 (2000) (citing Richardson, 402 U.S. at 400-01).  The
ALJ's duty to develop the administrative record encompasses not only the duty to obtain a
claimant's medical records and reports but also the duty to question the claimant adequately
about any subjective complaints and the impact of the claimant's impairments on the claimant's
functional capacity.  See, e.g., Cruz v. Sullivan, 912 F.2d 8, 11-12 (2d Cir. 1990); Echevarria v.
Sec'y of Health & Human Servs., 685 F.2d 751, 755-56 (2d Cir. 1982).

      B.     The ALJ's Failure to Address Vega's Evidence of a Mental Impairment

At the hearing, there was evidence that Vega had a mental impairment – agoraphobia
and/or panic disorder – prior to December 2001.  See R. 234-35, 256, 263-64, 277-79.  Despite

Vega's testimony that this mental impairment existed prior to the expiration of her disability insured status, the ALJ did not ask Vega about the symptoms she experienced as a result of her alleged disorders; nor did he ask about their impact on her daily life.  The discussion of the mental impairment was very brief, and only covered the date of onset and the medication taken.  See R. 277-79.  Moreover, there is no indication that the ALJ made any effort to obtain further information regarding the panic disorder, such as a report from her treating psychiatrist or from a consulting psychiatrist.

The Commissioner argues that the ALJ was not required to seek additional evidence relating to Vega's panic disorder because any available evidence would necessarily have been retrospective, and "an ALJ is not required to attempt to obtain a retrospective medical opinion."  Def. Supp. Mem. at 5.  In support of this argument, the Commissioner relies on Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996).  In Perez, however, the court noted that "[a] treating physician's retrospective medical assessment of a patient may be probative."  77 F.3d at 48 (citation omitted).  Perez held that the ALJ in that case was not required to seek a retrospective opinion only because "there was nothing presented at the hearing to indicate that retrospective assessments would have revealed any useful information or that the physicians were prepared to undertake such assessments."  Id.  Perez specifically noted that the ALJ had a complete medical history for the relevant period, and that the evidence received from the physicians who treated the applicant during the relevant period was "adequate for [the ALJ] to make a determination as to disability."  Id.  Thus, Perez does not preclude the possibility of a remand to seek retrospective medical evidence in a case where the record evidence is inadequate.

Indeed, in Rose v. Barnhart, 2003 WL 1212866 (S.D.N.Y. Mar. 14, 2003), the court

6

ordered a remand in a situation similar to the one here.  The court stated:

> The ALJ did not ask meaningful questions of the Plaintiff concerning the
> disabling nature of his conditions prior to the time that he first sought medical
> treatment . . . .  The hearing record as to Plaintiff's condition in 1996 is therefore
> scant . . . .  In addition, since there was no contemporaneous treatment record,
> the ALJ should have considered the possibility of retrospective diagnosis and testing.
> The absence of contemporaneous medical evidence does not automatically
> preclude a finding of disability. . . .  Shaw v. Chater, 221 F.3d 126, 133 (2d Cir.
> 2000) ("Just because plaintiff's disability went untreated does not mean he was
> not disabled.").  In fact, under the treating physician rule a retrospective diagnosis
> by a treating physician is entitled to controlling weight unless it is contradicted by
> other medical evidence or overwhelmingly compelling non-medical evidence. . . .
> Retrospective reports from Plaintiff's current treating physicians and lay
> testimony about his daily activities, symptoms and functional limitations would
> have been probative on the issue of disability.

Rose, 2003 WL 1212866, at *4-6 (internal quotation marks and most citations omitted); see also

Figueroa v. Barnhart, 2006 WL 2291087, at *2 (S.D.N.Y. Aug. 2, 2006) ("Although Plaintiff's

treating physician did not specifically address the onset of her disability, no substantial evidence

exists to refute Plaintiff's contentions that she was, in fact, disabled before that date, and the

record should be more fully developed on this issue.  Remand is warranted to determine the

exact date of the onset of disability.") (citing Rose, 2003 WL 1212866, at *5); Brown v. Apfel,

1998 WL 767140, at *4-5 (E.D.N.Y. July 22, 1998) (the ALJ "should have sought a

retrospective diagnosis" because, unlike Perez, "the evidence on the record regarding the period

for which [applicant] is seeking benefits is sparse").

In this case, there is no evidence in the record as to Vega's mental condition during the

relevant period.  The ALJ neither asked about Vega's symptoms during that period nor sought

the opinion of Vega's treating psychiatrist.  Because Vega had testified that she experienced

symptoms of her panic disorder prior to the expiration of her disability insured status, efforts

should have been made to develop the record relating to that panic disorder.  Because this did not

occur, this case must be remanded for further development of the record.

C.       Untimeliness of Application

The Commissioner argues that "remand should not be ordered because plaintiff could not

be found entitled to disability insurance benefits on remand," based upon an argument that

Vega's application was untimely.  See Def. Supp. Mem. at 7-8.  However, a court may not

"affirm an administrative action on grounds different from those considered by the agency."

Burgess, 537 F.3d at 128 (quoting Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999)).  Thus,

because Vega's application was not denied on the basis raised in the Commissioner's brief, the

Court will not consider it as a ground for affirmance.

D.       Vega's Additional Physical Impairments

Vega argues that "some of [her] physical impairments are not listed on the transcript of

the entire record," including Sjogren's syndrome, high blood pressure, dermatitis psoriasis,

varicose veins, and migraines.  Pl. Aff. at 2.  However, it is not clear that Vega ever informed the

Social Security Administration of these impairments, which do not appear to be listed in her

initial claim, R. 216; her application, R. 221-28; her medical records; her request for an ALJ

hearing, R. 210; her testimony, R. 260-85; or her request for a review of the ALJ's decision,

R. 257-58.

An ALJ may only consider the impairments that a claimant presents before him or "about

which [the ALJ has] evidence."  20 C.F.R. § 404.1512(a).  Thus, while an ALJ is obligated to

investigate the effects of a possibly disabling impairment, this duty only arises if the record

indicates that such an impairment "might exist."  Prentice v. Apfel, 11 F. Supp. 2d 420, 426

(S.D.N.Y. 1998).  Accordingly, the Court cannot fault the ALJ for failing to address physical

8

impairments that Vega never indicated she had.[3]

III.   CONCLUSION

For the foregoing reasons, the Commissioner's motion should be denied, and the case

should be remanded for further proceedings consistent with this Report and Recommendation.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have ten (10) days from service of this Report and Recommendation to

serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any

responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon.

Loretta A. Preska, and to the undersigned, at 500 Pearl Street, New York, New York 10007.

Any request for an extension of time to file objections must be directed to Judge Preska.  If a

party fails to file timely objections, that party will not be permitted to raise any objections to this

Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985).

---

[3]  With respect to Vega's complaint that the Commissioner's memorandum of law
incorrectly states that she did not "take any narcotic medication for [her] pain," Pl. Aff. at 1
(citing Def. Mem. at 18), any alleged misstatement in a court filing is not by itself a ground for
remand or award of benefits.

Dated:  April 6, 2009
       New York, New York

                                       _____
                                       GABRIEL W. GORENSTEIN
                                       United States Magistrate Judge

Copies sent to:

Lisett Vega
1962 Ellis Ave. Apt. B
Bronx, NY 10472

Susan D. Baird
Assistant United States Attorney
89 Chambers St., 3rd Floor
New York, NY 10007

Hon. Loretta A. Preska
United States District Judge

Dated: April 6, 2009
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Lisett Vega
1962 Ellis Ave. Apt. B
Bronx, NY 10472

Susan D. Baird
Assistant United States Attorney
89 Chambers St., 3rd Floor
New York, NY 10007

Hon. Loretta A. Preska
United States District Judge

10