```
                                    USDC SDNY
                                    DOCUMENT
UNITED STATES DISTRICT COURT        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK       DOC #:
                                    DATE FILED: 6/10/10
- - - - - - - - - - - - - - - - - -X
                                    :
LISETT VEGA,                        : 08 Civ. 1525 (LAP) (GWG)
                                    :
                    Plaintiff,      :           ORDER
                                    :
        v.                          :
                                    :
MICHAEL J. ASTRUE,                  :
Commissioner of Social Security     :
                                    :
                    Defendant.      :
                                    :
- - - - - - - - - - - - - - - - - -X
```

LORETTA A. PRESKA, Chief United States District Judge

Plaintiff Lisett Vega ("Plaintiff" or "Vega") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. In the administrative proceedings below, Administrative Law Judge Paul A. Heyman ("ALJ") determined that, although the combined impact of Plaintiff's physical impairments was severe, her condition did not meet or equal the clinical requirements of any impairment defined and described in the Social Security Administration Regulations and that she possessed the residual functional capacity to resume her past relevant work as a supermarket cashier. The Commissioner moved for judgment on the pleadings and dismissal pursuant to Fed. F. Civ. P. 12(c) [dkt. no. 7]. On April 6, 2009, the Honorable Gabriel W. Gorenstein,

United States Magistrate Judge, issued a Report and

Recommendation ("Report") [dkt. no. 13], found that the ALJ

failed to address Plaintiff's evidence of mental impairment and

recommended that the Commissioner's motion for judgment on the

pleadings be denied and the case be remanded for further

proceedings.  Familiarity with the facts, which are set out in

the Report, is assumed.  (See Report 1-3.)  Plaintiff, appearing

pro se, submitted objections to the Report on April 14, 2009

[dkt. no. 15].  Defendant submitted objections on April 28, 2009

[dkt. no. 17].  For the following reasons, the Court rejects the

objections of both Vega and the Commissioner and adopts the

Report to the extent consistent with this Order.


I.    Standard of Review

     When reviewing a Report and Recommendation, a District

Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C).  The District Court is required to "make

a de novo determination of those portions of the report or

specified proposed findings or recommendations to which

objection is made." Id.; see Grassia v. Scully, 892 F.2d 16, 19

(2d Cir. 1989).  Congress used the phrase "de novo

determination" in Section 636(b)(1) "to permit whatever reliance

a district judge, in the exercise of sound judicial discretion,

chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. 667, 676 (1980).  A District Judge may, in his or her sound discretion, afford a degree of deference to the magistrate judge's Report and Recommendation. See id.  When a party makes general or conclusory objections, or simply repeats his or her original arguments, the Court reviews the Report and Recommendation only for clear error. See Barratt v. Joie, No. 96 Civ. 0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

Here, the Court's review of the Commissioner's findings is limited to assessing whether there is "substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000)); see also 42 U.S.C. § 405(g).

II.  Objections

    A.    Plaintiff's Objection

    Vega objects to the Report because it "states that in 1996 there was no contemporaneous treatment record."  (Plaintiff's Statement of Objections ("Pl.'s Objs.").[1])  Vega argues that the

---

[1] Plaintiff's Statement of Objections does not contain page numbers.

Court should take into consideration her mental issues "from one year ago" if it "looks back into 1996."   (Pl.'s Objs..)

This objection is without merit.  Vega mistakes the facts of <u>Rose v. Barnhart</u>, No. 01 Civ. 1645, 2003 WL 1212866 (S.D.N.Y. Mar. 14, 2003), which Judge Gorenstein cited in his Report, for a statement of fact in this case.  (<u>See</u> Report 7.)  Accordingly, the Court disregards Vega's objections.

B.    <u>Defendant's Objections</u>

The Commissioner challenges Magistrate Judge Gorenstein's determination that the ALJ failed to develop the record relating to Plaintiff's panic disorder by arguing that (1) neither Plaintiff's objections nor the letter from Dr. Elana Sydney provide a basis for remand; and (2) the ALJ should not have been required to ask Plaintiff additional questions about her symptoms and their impact on her daily life, so remand to obtain a retrospective opinion is unwarranted.  Each of these objections will be discussed in turn.

1.    <u>Plaintiff's Objection and Report of Dr. Sydney</u>

For the reasons set forth in section II.A, <u>supra</u>, the Commissioner is correct that Vega's objection provides no basis for remand.

4

The Commissioner is also correct that the April 2009 report
from Dr. Sydney at Jacobi Medical Center, which Vega submitted
with her objections, does not provide a basis for remand.
(Defendant's Statement of Objections ("Def.'s Objs.") at 7-8.)
The Court may remand a case upon a showing that there is "new
evidence which is material and that there is good cause for the
failure to incorporate such evidence into the record in a prior
proceeding." 42 U.S.C. § 405(g).   Such evidence must not be
"merely cumulative of what is in the record. . . ."  Lisa v.
Sec'y of Health & Human Servs., 940 F.2d 40, 43 (2d Cir. 1991).
Dr. Sydney's report is cumulative in this case because it merely
states that Plaintiff has a panic disorder, which Megan Wilen,
Plaintiff's social worker, established in her September 13, 2007
report.   (Pl.'s Objs.; Administrative Record ("Record") at 256.)


2.    Additional Questioning and Retrospective Opinion

The Commissioner argues that the ALJ should not have been
required to ask Vega further questions about her symptoms or
attempt to obtain a retrospective diagnosis from her
psychiatrist because Vega was not in treatment while insured,
many years had passed between the expiration of her insured
status and the ALJ hearing, she repeatedly failed to allege a
mental disability, and "there was nothing to indicate that a

retrospective assessment would have revealed any useful information." (Def.'s Objs. at 6, 7.)

### a.    The ALJ's Duty to Develop the Record

An ALJ, unlike a judge at trial, has an affirmative duty to develop the record in light of the "essentially non-adversarial nature of a benefits proceeding." Pratts v. Chater 94 F.3d 34, 37 (2d Cir. 1996), (quoting Echevarria v. Sec'y of Health and Human Servs, 685 F.2d 751, 755 (2d Cir. 1982)).  The ALJ must "investigate and develop the facts and develop the arguments both for and against the granting of benefits." Butts v. Barnhart, 388 F.3d 377, 386 (2d Cir. 2004) (quoting Seavey v. Barnhart, 276 F.3d 1, 8 (1st Cir. 2001)).  Where the claimant appears pro se, "the ALJ is under a heightened duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts,'" Cruz v. Sullivan 912 F.2d 8, 11 (2d Cir. 1990) (quoting Echevarria, 685 F.2d at 755).  If the ALJ has not discharged this duty, leaving gaps in the record, the Court of Appeals has, "on numerous occasions, remanded to the [Commissioner] for further development of the evidence." Atkinson v. Barnhart 87 F. App'x. 766, 768 (2d Cir. 2004) (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996)) (alteration in original).  Such remand is warranted here.

b.   Eligibility for Social Security Disability
     Insurance

To be eligible for Social Security disability insurance

benefits, a claimant must demonstrate that "his physical or

mental impairment or impairments are of such severity that he is

not only unable to do his previous work but cannot, considering

his age, education, and work experience, engage in any other

kind of substantial gainful work which exists in the national

economy. . . ." 42 U.S.C. § 423(d)(2)(a).[2]   The Social Security

regulations set forth a five-step sequential analysis for

evaluating disability claims.   20 C.F.R. § 404.1520(a)(4).

Essentially, "if the Commissioner determines (1) that the

claimant is not working, (2) that he has a 'severe impairment,'

(3) that the impairment is not one [listed in Appendix 1 of the

regulations] that conclusively requires a determination of

disability, and (4) that the claimant is not capable of

continuing in his prior type of work, the Commissioner must find

him disabled if (5) there is not another type of work the

---

[2] The definition of disability used in Social Security disability
insurance cases and Supplemental Security Income disability
cases is virtually identical, as is the standard for review.
Compare 42 U.S.C. § 423(d)(2)(a) with 42 U.S.C. §
1382c(a)(3)(B); compare 42 U.S.C. § 405(g) with 42 U.S.C. §
1383(c).   Consequently, "cases under 42 U.S.C. § 423 are cited
interchangeably with cases under 42 U.S.C. § 1382c(a)(3)."
Hankerson v. Harris 636 F.2d 893, 895 (2d Cir. 1980) (citing
Rivera v. Harris, 623 F.2d 212, 216 n.4 (2d Cir. 1980)); see
also Villanueva v. Barnhart No. 03 Civ. 9021, 2005 WL 22846, at
*5 (S.D.N.Y. Jan. 3, 2005).

claimant can do." <u>Green-Younger v. Barnhart</u>, 335 F.3d 99, 106

(2d Cir. 2003) (quoting <u>Draegert v. Barnhart</u>, 311 F.3d 468, 472

(2d Cir. 2002)) (alteration in original).  This analysis is

modified for the evaluation of mental impairment to help

"[i]dentify the need for additional evidence to determine

impairment severity" and "[c]onsider and evaluate functional

consequences of the mental disorder(s) relevant to [claimant's]

ability to work."  20 C.F.R. § 404.1520a.  Furthermore, a

claimant must show that he was disabled continuously from the

date his insured status expired until twelve months prior to his

application for disability benefits.  <u>See Arnone v. Bowen</u>, 882

F.2d 34, 37-38 (2d Cir. 1989) (<u>citing</u> 20 C.F.R. § 404.320(b)(2)

and 20 C.F.R. § 404.320(b)(3)).  Therefore, for Vega to prevail

in this case, she must demonstrate that she was disabled, as

defined by the Social Security regulations, continuously from

December 31, 2001 through December 8, 2004.  (<u>See</u> Record at 43-

45, 190-191.)

c.   <u>Failure to Develop the Record Below</u>

Despite Vega's testimony that she experienced symptoms of

her panic disorder before the expiration of her disability

insured status in 2001, the ALJ did not ask Vega about her

treatment at Jacobi Medical Center, the symptoms of her panic

disorder, or the impact of the panic disorder on her daily life.

8

(See Record 260-85.)   The transcript of the ALJ's superficial

inquiry into Vega's mental conditions is less than two pages in

length.   (See Record 277-79.)   See Figueroa v. Barnhart, No. 04

Civ. 0123, 2006 WL 2291087, at *4-5 (S.D.N.Y. Aug. 2, 2006)

(finding that the record was undeveloped where the hearing

transcript was less than six pages long).   Also, the ALJ does

not appear to have made any attempt to obtain further

documentation of the treatment of Vega's panic disorder and

agoraphobia at Sound View or Jacobi Medical Center.   Without

this information, the ALJ did not have the substantial evidence

necessary to deny Vega's application.

In his objection, the Commissioner argues that the ALJ

discharged his duty to develop the record because Vega was not

in treatment while insured.   (Def.'s Objs. at 7.)   Vega did not

begin treatment until sometime in 2006 or 2007, more than four

years after her insured status expired and more than a year

after she applied for disability benefits.[3]   While Vega's failure

to seek treatment is probative of Vega's disability status

during the time period in question, see Rose v. Barnhart, No. 01

---

[3] The record does not conclusively show the date on which Vega
first sought treatment for panic disorder and agoraphobia.   Vega
testified that she first sought help one year before her October
2007 hearing with the ALJ.   (Record at 277.)   Megan Wilen,
Plaintiff's social worker, stated that Plaintiff had been in
treatment at Sound View since April 2007.   (Id. at 256.)   Vega
also testified that she had been in treatment at "Jacobie" [sic]
before Sound View, id. at 279, but did not identify the date on
which her treatment there began.

Civ. 1645, 2003 WL 1212866, at *6 (S.D.N.Y. Mar. 14, 2003), it

does not discharge the ALJ's duty to develop the record.  See

Shaw v. Chater, 221 F.3d 126, 133 (2d Cir. 2000) ("Just because

plaintiff's disability went untreated does not mean [s]he was

not disabled."); Rose, 2003 WL 1212866, at *6 ("Given

Plaintiff's failure to seek medical treatment for his allegedly

disabling conditions prior to the time his disability insurance

terminated, a forceful argument can be made that the Plaintiff

was not disabled prior to that time. However, that determination

could not rationally be made on the record before the ALJ.");

see also McCall v. Astrue, No. 05 Civ. 2042, 2008 WL 5378121, at

*18 (S.D.N.Y. Dec. 23, 2008); Dudelson v. Barnhart, No. 03 Civ.

7734, 2006 WL 156474, at *6 (S.D.N.Y. Jan. 18, 2006).

The Commissioner also argues that the ALJ discharged his

duty because Vega failed to allege a mental disability prior to

her hearing before the ALJ.  (Def.'s Objs. at 7.)  Again,

however, Vega's failure to allege a mental disability did not

discharge the ALJ's duty to develop the record by questioning

Vega at the hearing or seeking the opinion of Vega's treating

psychiatrist.  Indeed, because Vega presented evidence at her

hearing before the ALJ that her mental impairment was disabling,

the ALJ had a duty investigate its effects, even if she did not

allege that impairment in her benefits application.  See

Rodriguez v. Barnhart, No. 05 Civ. 3383, 2006 WL 988201, at *4

10

(S.D.N.Y. April 13, 2006) ("The ALJ's duty to develop the record is not limited to those impairments listed by the claimant."); see also Prentice v. Apfel, 11 F. Supp. 2d 420, 426 (S.D.N.Y. 1998) (finding that the ALJ's obligation to investigate the disabling effects of an impairment "is triggered without regard to whether the claimant has alleged that particular impairment as a basis for disability.").

The Commissioner also repeats the argument in his February 9, 2009 Supplemental Memorandum of Law that further questioning was not necessary because mere allegations that claimant suffered mental impairment while she was in insured status would have been insufficient to establish disability. (See Defentant's Supplemental Memorandum at 4; Def.'s Objs. at 7.) Although the ALJ must consider both objective and subjective factors when assessing a disability claim, see Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999); Rivera v. Schweiker, 717 F.2d 719, 723 (2d Cir. 1983), the Commissioner is correct that a claimant's subjective statements are not conclusive evidence of disability without the support of objective medical evidence. See 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled."); Friedman v. Astrue, No. 07 Civ. 3651, 2008 WL 3861211, at *5 (S.D.N.Y. Aug. 19, 2008) ("[S]tatements about pain and other symptoms are not conclusive evidence of

11

disability unless accompanied by medical evidence indicating an impairment that could reasonably be expected to produce the symptoms.") (citing 20 C.F.R. § 404.1529(a)).  In this case, the only evidence supporting Vega's claim that she suffered from panic disorder are Vega's testimony and the letter from Vega's social worker which stated that she and Dr. Polycarpe, a psychiatrist, had been treating Vega at Sound View since April 19, 2007.  It is, however, impossible to know if there is sufficient objective medical evidence to establish that Vega was mentally disabled because the ALJ made no attempt to obtain medical records regarding Vega's mental condition, despite his statutory and regulatory duty to do so.  See 42 U.S.C. § 423(d)(5)(B) ("[T]he Commissioner of Social Security shall consider all evidence available in such individual's case record, and shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability."); 20 C.F.R. § 404.1512(d) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary. . . ."); see also Ericksson v. Commissioner of Social Sec., 557 F.3d 79, 83 (2d Cir. 2009).

12

Lastly, the Commissioner argues that the ALJ discharged his duty to develop the record because "there was nothing to indicate that a retrospective assessment would have revealed any useful information."  (Def.'s Objs. at 6.)  Because the record of Plaintiff's panic disorder is too poorly developed to predict what a retrospective assessment might reveal, this objection is without merit.

Having considered each of the Commissioner's claims, the Court finds them all to be without merit.  Magistrate Judge Gorenstein was correct to conclude that because Vega testified that she experienced symptoms of panic disorder prior to the expiration of her insured status, efforts should have been made to develop the record relating to that panic disorder.

13

III. Conclusion

Having reviewed the Report and Recommendation, and finding it to be well-reasoned, it is hereby adopted to the extent consistent with this Order.  The Commissioner's Motion to Dismiss [dkt. no. 7] is DENIED, and the case is remanded for further proceedings.


SO ORDERED:

DATED:    New York, New York

          June  10 , 2010


                                    LORETTA A. PRESKA, U.S.D.J.